IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA DUNGEE : | |
|     Plaintiff, : | |
| : | |
| : | |
| : | CIVIL ACTION NO. 07-3909 |
|     v. : | |
| : | |
| SCHOOL DISTRICT OF : | |
| PHILADELPHIA and : | |
| COMMONWEALTH OF : | |
| PENNSYLVANIA, DEPARTMENT OF : | |
| EDUCATION : | |
|     Defendants. : | |

**MEMORANDUM AND ORDER**

Tucker, J.                                                                                                                                September 5, 2008

      Presently before this Court are Defendant Pennsylvania Department of Education's Motion to Dismiss the Complaint (Docs. 7 and 10), Defendant School District of Philadelphia's Motion to Dismiss Count I of the Complaint (Doc. 8) and Plaintiff's Response (Doc. 9). For the reasons set forth below, this Court will grant Defendant Pennsylvania Department of Education's Motion and deny the School District of Philadelphia's Motion.

**I.  BACKGROUND**

      On September 19, 2007, Plaintiff filed a Complaint in the above-captioned matter against her employer The School District of Philadelphia (hereinafter "school district") and the Commonwealth of Pennsylvania Department of Education (hereinafter "PDE"), under Title I and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., alleging discriminatory employment termination and failing to provide a reasonable accommodation for her disability.

Plaintiff worked as a Literacy Intern for approximately three (3) years while attending school in 2000. In 2001, Congress passed the No Child Left Behind Act (NCLBA) requiring states to provide criteria upon which teachers were considered "highly qualified." The PDE determined that a teacher became "highly qualified" upon passing the Praxis examination for certification. If a teacher failed one or more of the exams, he/she would only be allowed to teach under an emergency permit.

In 2003, Plaintiff was appointed to a teaching position at Louis H. Farrell School in Northeast Philadelphia. Pending successful passage of the Praxis exam, Plaintiff was granted an emergency permit. According the complaint, the school district informed Plaintiff on May 17, 2006 that it would no longer be permitted to request emergency permits for teachers in elementary education because of NCLBA. The parties exchanged correspondence about Plaintiff's sleep apnea, anxiety, learning disability and Attention Deficit Disorder–all of which Plaintiff claimed adversely impacted her ability to successfully pass the Praxis exam. On June 30, 2006, Plaintiff was terminated. Plaintiff seeks money damages plus attorneys' fees and costs incurred in the action.

## II.  LEGAL STANDARD

**A. Motion to Dismiss Pursuant to Federal Rule 12(b)(1)**

Motions for dismissal for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), may be raised at any time. See 2 Moore's Federal Practice § 12.30 [1] (Matthew Bender 3d ed. 2005). Rule 12(b)(1) challenges are either facial or factual attacks. See id. at § 12.30 [4]. "A facial attack questions the sufficiency of the pleading," and "[i]n reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id. However,"when a

court reviews a complaint under a factual attack, the allegations have no presumptive truthfulness, and the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Id.; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(l) motion, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Mortensen, 549 F.2d at 891; see also Carpet Group Int'l v. Oriental Rug Imps. Ass'n, 227 F.3d 62, 69 (3d Cir. 2000). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen, 549 F.2d at 891. "The [trial] [c]ourt must be careful, however, not to allow its consideration of jurisdiction to spill over into a determination of the merits of the case, and thus must tread lightly in its consideration of the facts concerning jurisdiction." Dugan v. Coastal Indus., Inc., 96 F. Supp. 2d 481, 483 (E.D. Pa. 2000).

"[T]he plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortensen, 549 F.2d at 891. The plaintiff must not only demonstrate that a controversy existed at the time it filed suit, but that it continues to exist throughout the litigation. Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 635 (Fed. Cir. 1991), abrogated on other grounds by, Liquid Dynamics Corp. v. Vaughan Co., 355 F.3d 1361, 1370 (Fed. Cir. 2004). A motion to dismiss for lack of subject matter jurisdiction predicated on the legal insufficiency of a claim "is proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir.), cert. denied, 501 U.S. 1222 (1991) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

**B. Motion to Dismiss Pursuant to Federal Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).

The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357. "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re

Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  Id. (emphasis in original) (quoting Shaw v Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment.  FED. R. CIV. P. 12(b).

### III.  DISCUSSION

**A.  Defendant PDE's Motion to Dismiss under 12(b)(1)**

Plaintiff has satisfied the administrative exhaustion requirement pursuant to Rule 12(b)(1).  Defendant PDE argues that Plaintiff's complaint must be dismissed due to pending investigations by the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Pennsylvania Human Rights Commission (hereinafter "PHRC").  Prior to commencing a lawsuit, Plaintiff must exhaust all required administrative remedies.  McKart v. United States, 395 U.S. 185, 193 (1969).  In her reply brief, Plaintiff avers that she received a Dismissal and Notice of Rights from the EEOC on June 21, 2007.  Additionally, the PHRC issued its notice on November 20, 2007.  Neither letter made any finding with respect to the allegations in the charges.  Accordingly, Plaintiff has satisfied the administrative exhaustion requirement and the Motion to Dismiss under Rule 12 (b)(1) is denied.

**B.  Defendant PDE's Motion to Dismiss under 12(b)(6)**

Plaintiff's Title II Claim against the PDE fails on the merits.  Taking the facts stated in the claim in the view most favorable to Plaintiff, the claim fails because the PDE lacked the authority to directly grant an emergency permit.  PDE has no authority to grant an emergency

permit when a school district has not applied for one.  22 Pa. Code §49.31.  Pennsylvania Code further states:  "[t]he emergency permit is issued on the basis of terms and conditions agreed upon between the requesting public school entity and the Department."  Id.  The purpose of the emergency permit is to serve the needs of the school district–not an individual.  Id. (stating that emergency permits are used "to fill a professional or temporary professional vacancy created as a new position or by the resignation, termination, retirement or death of an incumbent").  While the PDE is charged with determining whether or not to grant an emergency permit, such consideration cannot be made when the application is not directly submitted by the school district.  To the extent that Plaintiff needed and should have been afforded an accommodation, the proper authorities for such considerations are the school district and Education Testing Services–the Praxis exam administrator.

The requirement that an accommodations request come directly from the school district is "based upon ministerial application of objective, criteria, rather than an exercise of discretion." Dauer v. Dep't of Educ., 874 A.2d 159, 162 (Pa. Commw. 2005).  Where the action is ministerial, there is no right, privilege or immunity of which the Plaintiff is deprived.  Id.  Without such legally protected interest, Plaintiffs claim fails on the merits.  For the aforementioned reasons, Defendant PDE's Motion is granted.

**B.  Defendant School Districts's Motion to Dismiss Count I of the Complaint**

Count I of the Complaint alleges that the school district wrongfully terminated Plaintiff, failed to provide her with an emergency permit and precluded her from the opportunity to retake the Praxis exam with the accommodations requested by her doctor.  Defendant argues that Plaintiff is not entitled to coverage under the Americans with Disability Act (ADA) because her

failure to obtain permanent teacher certification rendered her unqualified.

The Court is not satisfied that dismissal of Plaintiff's claim is appropriate at such an early stage.  Unlike the claims against the PDE, the issue is not whether or not the school district's actions were ministerial and objective in nature.  Here, questions remain about the school district's rationale and entitlement to deny Plaintiff's accommodation request.  However, the Court does not question whether the claimant can prove any set of facts consistent with her allegations that may entitle her to relief without consideration to the likelihood of success. Rhodes, 416 U.S. at 236.  Accordingly the school district's Motion to Dismiss is denied.

For the aforementioned reasons, Defendant PDE's motion is granted and Defendant school district's motion is denied.  An appropriate Order follows.